FILED
COURT OF APPEALS
DIVISION II

2013 MAY -7 AM II: 47

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43225-1-II |
| Respondent, | |
| v. | |
| JOHN HYRUM PARKES, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — John Hyrum Parkes appeals the trial court's order denying his motion for order of indigency. He argues that the certification in support of his motion for order of indigency established his inability to pay the costs of his appeal and that the trial court erred in determining otherwise. We reverse and remand for further proceedings consistent with this opinion.[1]

On September 2, 2011, a jury found Parkes guilty of four counts of first degree child molestation. On October 14, 2011, the trial court sentenced Parkes to 173 months of confinement. Parkes filed a notice of appeal on November 10, 2011. He moved for an order of indigency, certifying that he did not own any real property or any personal property, that he had no income, and that he had unknown amounts of debt. He stated that he could contribute nothing toward the cost of appellate review.

---

[1] A commissioner of this court initially considered Parkes's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

A presentence investigation report filed with the superior court on October 11, 2011, revealed that Parkes, a former police officer, made approximately $40 an hour before resigning from his last job. He told the probation officer who wrote the report that he had "a little bit of a nest egg put away" and had "some organized debt." Clerk's Papers (CP) at 68. At the time of the interview upon which the presentence report was based, Parkes had retained private counsel for his defense.

The court denied Parkes's motion for an order of indigency, making the following pertinent findings of fact:

> 3. Defendant had retained counsel throughout the trial proceedings in this case;
> 4. During trial, testimony was provided that Mr. Parkes owned a house with his former wife, Shelley Parkes, in an unknown value; and
> 5. Defendant was previously employed as a police officer for many years and may be entitled to a pension and/or retirement, value of which is unknown.

CP at 51-52. Based on those findings, the court made the following conclusions of law:

> 1. Defendant is not indigent because the record presented does not satisfy the criteria for indigency set forth in RCW 10.101.010(1);
> 2. Defendant is not indigent and is able to contribute as set forth in RCW 10.101.010(1) because the record presented establishes that defendant has adequate means to pay for all expenses of his appeal;
> 3. Defendant failed to make an adequate record to determine whether the defendant is indigent.

CP at 52.

A commissioner of this court granted discretionary review of the order denying Parkes's motion.

Parkes argues that the trial court erred in denying his motion. The party seeking indigent status bears the burden of proving indigency. RAP 15.2(a); *State v. Clark*, 88 Wn.2d 533, 563 P.2d 1253 (1977). We give great weight to a trial court's findings regarding indigency. *State v.*

No. 43225-1-II

*Rutherford*, 63 Wn.2d 949, 954-55, 389 P.2d 895 (1964), *dismissed*, 384 U.S. 267 (1966). When a party seeks review at public expense, the trial court must determine whether he is able to pay all or part of the costs of appeal. RAP 15.2(b). Only if the party has the means to pay the entire cost of the appeal shall the trial court deny the motion for indigency status altogether. RAP 15.2(b)(2). Otherwise, it is the court's duty to determine what items of expense on appeal are to be shouldered by the party and what will be covered at public expense. RAP 15.2(e).

When a trial court rules on a motion for order of indigency, it must determine whether a defendant is indigent using the criteria set forth in RCW 10.101.010(3). *State v. Hecht*, 173 Wn.2d 92, 95, 264 P.3d 801 (2011). An indigent person is one who, at any stage of a court proceeding, is:

> (a)      Receiving one of the following types of public assistance: Temporary assistance for needy families, aged, blind, or disabled assistance benefits, medical care services under RCW 74.09.035, pregnant women assistance benefits, poverty-related veterans' benefits, food stamps or food stamp benefits transferred electronically, refugee resettlement benefits, medicaid, or supplemental security income; or
> (b)      Involuntarily committed to a public mental health facility; or
> (c)      Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level; or
> (d)      Unable to pay the anticipated cost of counsel for the matter before the court because his or her available funds are insufficient to pay any amount for the retention of counsel.

RCW 10.101.010(3)(a)-(d).

The trial court found that Parkes "may" be eligible to receive a pension or retirement, and did not state the amount of that prospective income. CP at 52. The evidence before the trial court that Parkes had no income was undisputed. Thus, Parkes was "[r]eceiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level." RCW 10.101.010(3)(c). He is therefore presumptively indigent.

3

No. 43225-1-II

*Hecht*, 173 Wn.2d at 95. Because Parkes put forth evidence that he had no income, the trial court erred in denying his motion for indigency status outright. *Hecht*, 173 Wn.2d at 95-96. It is possible that his other assets, such as the home he owns or his pension or retirement, make him "indigent and able to contribute." *Hecht*, 173 Wn.2d at 95; RCW 10.101.010(4). However, it is the trial court's duty to determine what Parkes is or is not able to contribute to the cost of his appeal. RAP 15.2(e). Accordingly, we reverse the order denying Parkes's motion for indigency status and remand to the trial court for that determination.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, J.

We concur:

Penoyar, J.

Worswick, C.J.

4